UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case Number 99-20018
v.                                           Honorable David M. Lawson

RUBY LIDDELL,

        Defendant.
_____ /

## **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

The matter is before the Court on the defendant's motions for reduction in sentence. After a jury trial, the defendant was found guilty of conspiracy to possess with intent to distribute controlled substances (count 1), distribution of marijuana (count 14), and felon in possession of a firearm (count 30). On September 27, 2001, the defendant was sentenced to 324 months imprisonment on count 1, 60 months on count 14, and 120 months on count 30, to be served concurrently. The defendant also was sentenced to 5 years supervised release on count 1, 3 years on count 14, and 3 years on count 30, to be served concurrently. The defendant was fined $25,000. The guideline range calculated at the time of sentencing was based on a total offense level of 40 and criminal history category of II, resulting in a guideline range of 324 to 405 months.

On April 6, 2004, the government moved to reduce the defendant's sentence based on his substantial assistance, and on August 2, 2004, the Court reduced the defendant's sentence to 204 months imprisonment on count 1, left the sentences for counts 14 and 30 unchanged, and reduced the fine to $15,000.

Now before the Court is the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(2) of the Sentencing Guidelines provides that a defendant is not eligible for a sentence reduction if the amendment to the Sentencing Guidelines — in this case, Amendment 750, which was made retroactive by Amendment 759 — "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The quantity of drugs used to calculate the defendant's original base offense level was 8,350 kilograms of marijuana equivalency, which calculated by totaling the following amounts: 30 kilograms of cocaine (6,000 kilograms of marijuana equivalency), 100 grams of cocaine base (2,000 kilograms of marijuana equivalency), 100 grams of heroin (100 kilograms of marijuana equivalency), and 250 kilograms of marijuana. Based on the Fair Sentencing Act and Crack Retroactivity Amendment, the defendant's new base offense level would be based on 6,707.1 kilograms of marijuana equivalency. *See* U.S.S.G. § 2D1.1 app. n.10(D). The defendant's base

offense level would remain unchanged at 34 because his drug quantity fell between 3,000 and 10,000 kilograms of marijuana equivalency. U.S.S.G. § 2D1.1(c)(3). After adding the specific offense characteristics and role adjustments, the defendant's new total offense level remains at a 40, making him ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Snipes*, 385 F. App'x 483, 486 (6th Cir. 2010) (holding that defendant was not eligible for sentence reduction where the applicable guideline range after considering the effect of the amendment to the Sentencing Guidelines was identical to the original guideline range under which the defendant was sentenced).

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence [dkt. #1032] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 24, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL