UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLARENCE ARIC THOMPSON,

        Defendant.

_____/

Case Number 99-20018
Honorable David M. Lawson

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

After a jury trial on a second superseding indictment, the defendant was found guilty of conspiracy to possess with intent to distribute controlled substances (count 1), distribution of cocaine base (count 8), possession with intent to distribute cocaine base (count 17), distribution of marijuana (count 18), carrying and using a firearm during a drug trafficking crime (count 26), and person convicted of domestic violence crime in possession of a firearm (count 27). On September 20, 2001, the defendant was sentenced to 135 months imprisonment on counts 1, 8, and 17; 60 months imprisonment on count 18; and 120 months imprisonment on count 27, all to be served concurrently. The defendant was sentenced to 60 months imprisonment on count 26, which was to be served consecutively to the other sentences. The defendant also was sentenced to terms of supervised release on the various counts. The guideline range calculated at the time of sentencing was based on a total offense level of 32 (base offense level 34 minus 2 levels for acceptance of responsibility) and criminal history category of II, resulting in a guideline range of 135 to 168 months.

On May 20, 2004, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court granted in part. The Court vacated the defendant's conviction on count 27 of the second superseding indictment of possessing a firearm after being convicted of a domestic

violence offense. On June 30, 2008, the defendant moved for a reduction of his drug crime sentences based on a guideline sentencing range that had been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). The Court granted the defendant's motion and reduced his sentence for counts 1, 8, 17, and 27 to 108 months. The defendant's 60-month imprisonment sentence for count 26, which was to be served consecutively, was unchanged. The amended guideline range was based on a total offense level of 30 and criminal history category of II, resulting in a guideline range of 108 to 135 months.

Now before the Court is the defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on the Fair Sentence Act and Amendment 750 to the sentencing guidelines. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(2) of the Sentencing Guidelines provides that a defendant is not eligible for a sentence reduction if the amendment to the Sentencing Guidelines — in this case, Amendment 750, which was made retroactive by Amendment 759 — "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Based on the Fair Sentencing Act and Crack Retroactivity Amendment, the defendant's new base offense level would be based on 3,242.725 kilograms of marijuana equivalency, which is calculated by totaling the following amounts: 15 kilograms of cocaine (3,000 kilograms of marijuana

equivalency), 50 grams of cocaine base (178.55 kilograms of marijuana equivalency), one-half ounce of heroin (14.175 kilograms of marijuana equivalency), and 50 kilograms of marijuana. *See* U.S.S.G. § 2D1.1 app. n.10(D). The defendant's base offense level would be 34 because his drug quantity fell between 3,000 and 10,000 kilograms of marijuana equivalency. U.S.S.G. § 2D1.1(c)(3). After subtracting two levels under U.S.S.G. § 3E1.1 for acceptance of responsibility and subtracting two levels under application note 10(D)(i) to U.S.S.G. § 2D1.1, the defendant's new total offense level would remain at 30, and his guideline range would remain at 108 to 135 months. Therefore, the defendant is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) because his recalculated sentence would be unaffected by the guideline amendment. *See United States v. Snipes*, 385 F. App'x 483, 486 (6th Cir. 2010) (holding that defendant was not eligible for sentence reduction where the applicable guideline range after considering the effect of the amendment to the Sentencing Guidelines was identical to the original guideline range under which the defendant was sentenced).

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence [dkt. #1033] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 2, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL